**ZHEN GUN LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

No. 04–2284–ag.

United States Court of Appeals, Second Circuit.

July 31, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Zheng Gun Li, a native and citizen of China, appeals from the BIA's order affirming Immigration Judge ("IJ") Kenneth Josephson's order denying her application for asylum, withholding of removal and Convention Against Torture("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

In their respective decisions, both the BIA and the IJ determined that Li's testimony regarding her Falun Gong practice, did not comply with the general Falun Gong philosophy. However, there are no references to the record by either the BIA or the IJ on how they determined what is the general "Falun Gong philosophy." Moreover, it is not part of the agency's duty to determine whether Li is in strict compliance with the philosophy, but only whether or not she is a Falun Gong practitioner. The determinations of the BIA and IJ regarding Li's compliance with the Falun Gong is without support in the record and is not supported by substantial evidence.

Additionally, the BIA stated that, "even if her testimony is fully credited, its brevity and lack of detail fails to persuasively establish that she is a Falun Gong practitioner." Although the details of Li's Falun Gong practice might not be what the IJ or BIA believe they should be, she has made out the basic elements of her claim. As a result, the agency's determination that she had not met her burden of proof is not supported by substantial evidence in the record. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003).

While the IJ was correct in determining that Li could possibly avoid detec-

tion by practicing Falun Gong in her home, it is clear that if she was identified as a Falun Gong practitioner, she would likely be punished. Because Li testified that the government had already identified her as a practitioner, whether she practiced publicly in the future is largely irrelevant; the record does not support the IJ's conclusion.

■ Although some of the IJ's findings could be supported by the record, it is apparent that the IJ made several flawed findings on material matters that cannot be supported by the record. "The overarching test for deeming a remand futile" is whether the reviewing court can "confidently predict" that the IJ would reach the same decision absent the errors that were made. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). It is not clear that the IJ would have reached the same decision based on the non-erroneous aspects of its reasoning; therefore, remand is not futile.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).